**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sandpiper Resorts Development Corporation, an Arizona corporation for profit; and Dourian Foster Investments Inc., an Arizona corporation for profit,<br><br>Plaintiffs,<br><br>v.<br><br>Global Realty Investments, LLC, a Nevada limited liability company; Caroline Hartman-Altenbernd and Kelly Altenbernd, husband and wife individually; Toscana Developers, LLC, a Florida limited liability company; Cynthia Estes and John Doe Estes, husband and wife individually; Estes Development Corporation, a West Virginia corporation; Black Corporations 1 through 5; White Limited Liability Companies, 1 through 5,<br><br>Defendants. | No. CV 08-1360-PHX-MHM<br><br>**ORDER** |

Currently before the Court is Defendant Estes' Motion to Set Aside Clerk's Entry of Default (Doc. 70) and Plaintiff's Request for Determination of Damages and for Entry of Default Judgment Against Defendants (Doc. 65). Having considered these motions and their accompanying papers, the Court issues the following Order.

**I.    Estes' Motion to Set Aside Default**

Cynthia and John Doe Estes and the Estes Development Corporation (collectively, the "Estes Defendants") move to set aside the clerk's entry of default entered against Cynthia

Estes on March 1, 2010 and Estes Development Corporation on December 28, 2009. (Doc. 70). The Estes Defendants further seek leave to file an amended answer. (Doc. 70). The Estes Defendants allege that Cynthia Estes was nothing more than "an investor who received an investment solicitation, investigate[d] the investment, and passed on it." (Doc. 70 at 2). They further explain that none of the Estes Defendants had anything to do with the bankruptcy proceedings related to this case. (Doc. 70 at 4). Ms. Estes explains that she was attending to her severely medically challenged parents in West Virginia and that while she had heard that a potential lawsuit might be filed against her, she was not aware that a lawsuit had actually been filed naming her or her company as a defendant. (Doc. 70 at 6).

Plaintiffs urge the Court to refuse to set aside the default, arguing that the failure of the Estes Defendants to properly answer was due "solely to Ms. Estes' intentional culpable conduct," that Estes has no meritorious defense, and that setting aside the default judgment would prejudice their ability to collect the judgment. (Doc. 75 at 11-17).

As the Ninth Circuit has noted, "[j]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984). The Ninth Circuit recently added that "[o]ur rules for determining when a default should be set aside are solicitous towards movants, especially those whose actions leading to the default were taken without the benefit of legal representation." United States v. Mesle, ___ F.3d ___, 2010 WL 3025014 (9th Cir. Aug. 4, 2010).

A "court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). The determination of "good cause" is guided by three factors: "(1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." Mesle, 2010 WL 3025014 at *3 (internal citations and quotations omitted). This standard is the same standard as that used to determine whether a default judgment should be set aside under Rule 60(b). Id. Each of these three factors is discussed below.

**A.     Culpable Conduct**

The Estes Defendants argue that they are not culpable because they did nothing to avoid the litigation. (Doc. 70 at 7). They explain that when Ms. Estes received the court documents while visiting her parents in West Virginia, she immediately contacted her Florida attorney. (Doc. 70 at 7).

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001) (emphasis in original). Here, Plaintiffs' attempts to show that Ms. Estes must have received notice of the lawsuit appear to be based on the false premise that being warned of an impending lawsuit equates to notice that a lawsuit was actually filed. Plaintiffs argue that Ms. Estes did not claim not to have received multiple phone calls from Plaintiff's counsel warning of the impending law suit, and that in light of these phone calls, her claim that she did not know of the actual suit is "incredible" (Doc. 75 at 13). However, being warned that a lawsuit *will* be filed is materially different from receiving notice that a lawsuit *has* actually *been* filed. While Ms. Estes does appear to have been aware of a *potential* lawsuit, it does not appear that she was aware that a lawsuit had *actually* been filed naming her or her company as a Defendant. (Doc. 82 at 3). The Estes Defendants point out that Plaintiffs' counsel does not allege any contact with Ms. Estes via telephone *after* the filing of the lawsuit. (Doc. 82 at 3).

This Court finds Ms. Estes' Declaration credible. It does not appear that the Estes Defendants acted willfully (given that they never received actual notice that a lawsuit had actually been filed), engaged in bad faith, or otherwise attempted to interfere with judicial decision making or manipulate the legal process. (Doc. 82 at 4). As such, the Estes Defendants do not appear to have engaged in culpable conduct, and this prong of the test suggests that the default judgment should be set aside.

**B.     Meritorious Defense**

Plaintiffs argue that Ms. Estes' claims that she was a passive investor are not credible. (Doc. 75 at 17). They further argue that even if Ms. Estes was a passive investor, her

1  "passive investor" theory would not explain away "her liability for breach of contract regarding the second 'as is' contract after October 2007 or her liability as a 91% owner and managing member of Toscana Developers." (Doc. 75 at 17). The Estes Defendants argue that they never entered into any agreement to purchase or finance the properties at issues in this matter, but rather solely investigated the possibility of investing. (Doc. 82 at 6). They further explain that they did not participate in the bankruptcy proceedings before Judge Marler, file any pleadings in that case, retain counsel in that case, or participate in any manner that would give rise to a finding of fraud. (Doc. 82 at 6).

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." Mesle, 2010 WL 3025014 at *5 (quoting TCI Group, 244 F.3d at 700)). "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense: 'the question of whether the factual allegation [i]s true' is not to be determined by the court when it decides the motion to set aside the default." Id. "Rather, that question "would be the subject of later litigation." Id.

Here, when examining whether there is a meritorious defense sufficient to set aside the default judgment, it is not the Court's role to make a factual finding regarding the merits of the Estes' Defendants defense. Rather, the Court must simply determine whether the facts as alleged would constitute a meritorious defense. If there were true that there was no agreement between the Estes Defendants and Plaintiffs, the Estes Defendants could not be guilty of breaching an agreement with Plaintiffs. Moreover, if the Estes Defendants did not participate in the bankruptcy proceeding in any way whatsoever, it would be impossible for Plaintiff to prevail on the theory that the Estes Defendants committed fraud during the bankruptcy proceeding. Thus, the Estes Defendants' defense as alleged would be sufficient to satisfy the "meritorious defense" requirement and this factor also points in favor of setting aside the default judgment.

/ / /

### C. Prejudice

Plaintiffs assert that they will be prejudiced if the motion to set aside is granted because of the time they have already spent attempting to locate Cynthia Estes and preparing motions to serve by publication, applications for default, and motions for entry of default. (Doc. 75 at 17). They also assert that any delay will likely prejudice their ability to collect the judgment because Ms. Estes may be in the process of liquidating her assets. (Id.).

However, none of these arguments are unique to this case; any plaintiff whose default judgment has been set aside would likely suffer the same types of harm. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." Mesle, 2010 WL 3025014 at *6 (quoting TCI Group, 244 F.3d at 701)).

Because there is no allegation of any harm other than delay, this fact also weighs in favor of setting aside the default. Given the Ninth Circuit's preference for a decision on the merits rather than a procedural technicality, Falk, 739 F.2d at 463, and given that all three factors point to setting aside the default judgment, the Estes Defendants' Motion to Set Aside Clerk's Entry of Default (Doc. 70) will be granted. Because the Court is granting the motion to set aside default, the Estes Defendants are also granted leave to file an amended answer.

### II. Plaintiff's Request for Determination of Damages

Given that the Court is setting aside the Clerk's Entry of Default as to Cynthia Estes and Estes Corporation, Plaintiff's pending Request for Determination of Damages and for Entry of Default Judgment Against Defendants (Doc. 65) is rendered moot insofar as it concerns Cynthia Estes and Estes Corporation. Once these Defendants are removed, it is difficult, if not impossible, for the Court to determine damages with reasonable certainty for the remaining Defendants based on the motion as currently written. In the briefing, Plaintiffs refer to the defaulting Defendants collectively in their damages analysis, without separating the Estes Defendants from the other Defendants. (Doc. 65 at 13-16). Nor is it clear whether and to what degree liability of the remaining defaulting Defendants is affected by the setting aside of the default judgment with respect to Estes Corporation and Cynthia Estes. (Id.) Plaintiffs explained that "Toscana and the Estes Defendants are inextricably

intertwined"(Doc. 83) after Defendant Toscana Developers LLC joined in the Estes Defendants' Response to Plaintiff's Request for Determination of Damages (Doc. 74). Given this "inextricable intertwinement," it would be premature for the Court to grant Plaintiff's Request for Determination of Damages and for Entry of Default Judgment Against Defendants (Doc. 65) at this time.

Moreover, as the Estes Defendants note in their Response, it is likely that an evidentiary hearing would be necessary in any case to determine "if Plaintiffs have other offers to buy the property; what the value of the property was; the amounts owed on the property secured by deeds of trust and other encumbrances; what the earnest money deposit amounts were; what the foreclosing lenders were paid for the property at the foreclosure auction; and whether the liquidated damages provisions are enforceable," (Doc. 69 at 8) particularly given Plaintiffs' apparent concession that an evidentiary hearing would be necessary before an award of damages would be appropriate. (Doc. 76 at 4).

Thus, Plaintiffs' Request for Determination of Damages and for Entry of Default Judgment Against Defendants (Doc. 65) is denied as moot with respect to Cynthia Estes and the Estes Corporation. After considering the effect of the Courts' setting aside of the default judgment against the Estes Defendants, Plaintiffs may submit a new request for determination of damages and for entry of default judgment against the non-Estes defaulting Defendants if they choose.

**Accordingly,**

**IT IS HEREBY ORDERED** granting Defendant Estes' Motion to Set Aside Clerk's Entry of Default (Doc. 70) as to Cynthia Estes (Doc. 61) and Estes Corporation (Doc. 48).

**IT IS FURTHER ORDERED** directing the Estes Defendants to file an answer no later than 14 days from the date of this Order.

/ / /

**IT IS FURTHER ORDERED** denying as moot Plaintiffs' Request for Determination of Damages and for Entry of Default Judgment Against Defendants (Doc. 65).

DATED this 11th day of August, 2010.

Mary H. Murguia
United States District Judge