UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| SANDPIPER RESORTS ) <br> DEVELOPMENT CORPORATION, ) <br> *et al.*, ) <br>       Plaintiffs, ) <br> ) <br>   vs. ) <br> ) <br> GLOBAL REALTY INVESTMENTS, *et* ) <br> *al.*, ) <br> ) <br>       Defendants. ) <br> ) | 2:08-cv-01360 JWS <br><br> ORDER AND OPINION <br><br> [Re: Motion at Docket 87] |

## I.  MOTION PRESENTED

At docket 87, plaintiffs Sandpiper Resorts Development Corporation ("Sandpiper") and Dourian Foster Investments, Inc. ("Dourian Foster"; collectively "plaintiffs") move pursuant to Local Rule 7.2(g) for reconsideration of the court's order at docket 85.  Defendant Estes Development Corporation ("Estes Development") opposes the motion at docket 89.  Plaintiffs' reply is at docket 98.  Oral argument was not requested and would not assist the court.

## II.  BACKGROUND

Plaintiffs complaint was initially filed on July 25, 2008.  Default was entered as to each of the original defendants, none of whom responded to the complaint after proper

service of process. On October 8, 2009, plaintiffs filed their first amended complaint which named Estes Development and its principal, Cynthia Estes ("Estes"), as additional defendants.

In the order at docket 85, the court set aside entry of default as to both Estes Development and Estes.[1] Even though Estes and Estes Development were sued individually, the court considered the merits of the motion to vacate entry of default as the arguments were framed and therefore did not distinguish between Estes and her company in its analysis.

### III.  STANDARD OF REVIEW

Under the law of the case doctrine, a court is generally precluded from reconsidering an issue that has already been decided by the same court or a higher court in the same case.[2] However, as long as a district court retains jurisdiction over a case, it has inherent power to reconsider and modify an interlocutory order for sufficient cause.[3] That inherent power is not unfettered: "the court may reconsider previously decided questions in cases in which there has been an intervening change of controlling authority, new evidence has surfaced, or the previous disposition was clearly erroneous

---

[1] Doc. 85.

[2] *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993).

[3] *City of Los Angeles v. Santa Monica*, 254 F.3d 882, 885 (9th Cir. 2001).

and would work a manifest injustice."[4]  Local Rule of Civil Procedure 7.2(g)(1) recites essentially the same rule, requiring a showing of "manifest error."[5]

## IV.  DISCUSSION

### A. Motion for Reconsideration

**1. The Court's Order at Docket 85 Did Not Consider Material Facts Relating to Plaintiffs' Efforts to Serve Process on Estes Development**

In vacating entry of default as to Estes and Estes Development, the court undertook a collective analysis, referring to both entities as the "Estes Defendants."[6]  In the District of Arizona, manifest error is present where "[t]he movant makes a convincing showing that the [c]ourt failed to consider material facts that were presented to the [c]ourt before the [c]ourt's decision."[7]  Efforts to serve process on each of the two defendants differed.  In its order vacating entry of default, the court only considered actual or constructive notice of the lawsuit as it pertained to Estes.  The court did not consider the effect of efforts to serve Estes Development on Estes Development's actual or constructive notice of the lawsuit.  The court therefore did not consider material facts that were presented to the court at the time of that decision, and the court will revisit the appropriateness of vacating entry of default as to Estes Development.

---

[4]*Leslie Salt Co. v. United States*, 55 F.3d 1388, 1393 (9th Cir. 1995); *see also School Dist. No. 1J, Multnomah County v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

[5]LRCiv 7.2(g)(1) ("The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence.").

[6]Doc. 85 at 1.

[7]*Motorola, Inc. v. J.B. Rodgers Mechanical Contractors*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

**B. Entry of Default as to Estes Development**

Default is "appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits."[8] Under Federal Rule 55, a "court may set aside an entry of default for good cause."[9] Whether good cause exists depends on three factors: (1) whether the defendant's culpable conduct led to the entry of default; (2) whether the defendant has no meritorious defense; and (3) whether vacation of the entry of default would prejudice the other party.[10]

### 1. Culpable Conduct

"A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer."[11] Intentional failure to answer in this context requires bad faith.[12] Bad faith may be demonstrated by "an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process."[13] Therefore, there are two potential issues: (1) whether Estes Development received actual or constructive notice of the filing of the action, and (2) whether Estes Development acted with bad faith in refusing to answer.

---

[8] *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001).

[9] Fed. R. Civ. P. 55(c).

[10] *TCI Group*, 244 F.3d at 696. The test can be stated in the disjunctive "such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the judgment." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle ("Mesle")*, 615 F.3d 1085, 1091 (9th Cir. 2010). A disjunctive reading is in tension with the "extreme circumstances" requirement.

[11] *Mesle*, 615 F.3d at 1092.

[12] *Id.*

[13] *Id.*

### a. Service of Process on Estes Development through West Virginia's Secretary of State Was Ineffective

Although the court agrees with plaintiffs that Estes Development has waived its ability to contest the sufficiency of service of process for purposes of a motion under Federal Rule 12(b)(5), the issue here is different. Ineffective service of process would not have put Estes Development on constructive notice of the filing of the action for purposes of the Rule 55 inquiry.

Service of process was effective if it was effective under West Virginia law.[14] In the court's order at docket 46, without the benefit of opposing briefing, the court stated, "[i]t appears that [p]laintiffs have complied with West Virginia law regarding service upon Estes Corporation and that service has been effectuated by serving West Virginia's Secretary of State."[15] The court was mistaken.

Under the West Virginia Code § 31D-5-504(c), service on a corporation may be effectuated through West Virginia's Secretary of State.[16] Process must be delivered to the Secretary, who must then forward it via certified or registered mail to either the corporation's registered agent or the last recorded address of the corporation's principal office.[17]

> Service or acceptance of process or notice is sufficient if return receipt is signed by an agent or employee of the corporation, or the registered or certified mail sent by the Secretary of State is refused by the addressee

---

[14] *See* Fed. R. Civ. P. 4(h)(1)(A); Fed. R. Civ. P. 4(e)(1).

[15] Doc. 46 at 9.

[16] W. Va. Code § 31D-5-504(c).

[17] *Id.*

> and . . . returned to the Secretary of State . . . showing the stamp of the United States postal service that delivery has been refused.[18]

West Virginia courts have interpreted this language narrowly.[19]  The Supreme Court of Appeals of West Virginia has held that "service of process or notice upon a domestic corporation through the Secretary of State is insufficient when a registered or certified mailing of the process or notice is neither accepted nor refused by an agent or employee of the corporation."[20]  Where "the certified mail[ing] [is] returned to the Secretary of State's office as 'unclaimed' . . . the [party to be served has] failed to *accept* or *refuse* the certified mailing" and therefore, service is not perfected.[21]

Here, the certified mailing of process to Estes Development was returned to the Secretary's office marked "unclaimed."[22]  The applicable West Virginia case law is explicit: service of process was not effected on Estes Development through West Virginia's Secretary of State because it was not accepted or refused.  Because plaintiffs' attempts to serve Estes Development were ineffective, they did not provide Estes Development with actual or constructive notice of the lawsuit.  Whether Estes Development had actual or constructive notice therefore depends on whether Estes

---

[18]*Id.*

[19]*See Burkes v. Fas-Chek Food Mart Inc.*, 617 S.E.2d 838 (W. Va. 2005); *Crowley v. Krylon Diversified Brands*, 607 S.E.2d 514 (W. Va. 2004).

[20]*Burkes*, 617 S.E.2d at 843.

[21]*Id.* at 841.

[22]Doc. 89 at 14.

herself had such notice. The court has reviewed its discussion of this issue in the order at docket 85 and concludes that there is no error in it.[23]

Because Estes Development did not have actual or constructive notice of the filing of the action, its conduct in not responding was not culpable. An inquiry into whether Estes Development acted with bad faith is therefore unnecessary.

### 2. Meritorious Defense

There is no analytical distinction between a meritorious defense on the part of Estes and a meritorious defense on the part of Estes Development. The court finds no error in its discussion of this issue in the order at docket 85.[24]

### 3. Prejudice

Plaintiffs have not advanced any additional argument as to why they would be prejudiced by vacation of the entry of default. The court has found no error in its discussion of the issue in the order at docket 85.

All of the Rule 55 factors therefore favor a finding of good cause to set aside the entry of default as to Estes Development.

---

[23] Doc. 85 at 3.

[24] *Id.* at 3–4.

## V.  CONCLUSION

For the foregoing reasons, plaintiffs' motion at docket 87 to reconsider the order at docket 85, vacating entry of default as to Estes Development is **DENIED**.  Entry of default as to Estes Development was properly vacated.

DATED this 16th day of February 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE