UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **SANDPIPER RESORTS DEVELOPMENT CORPORATION,** *et al.*, <br>　　　　**Plaintiffs,** <br><br>　　　　vs. <br><br>**GLOBAL REALTY INVESTMENTS, LLC,** *et al.*, <br>　　　　**Defendants.** | 2:08-cv-01360 JWS <br><br> ORDER AND OPINION <br><br> [Re: Motions at Docket 155 and 160] |

### I.  MOTION PRESENTED

At docket 155, third-party defendant Mohr Hackett Pederson Blakely & Randolph, P.C. ("Mohr Hackett") moves pursuant to Federal Rule of Civil Procedure 37(c)(1) to exclude all damage information disclosed by plaintiffs. Plaintiffs Sandpiper Resorts Development Corporation and Dourian Foster Investments, Inc. ("plaintiffs") oppose the motion at docket 159. Mohr Hackett's reply is at docket 167. Plaintiffs' court-authorized sur-reply is at docket 184.

At docket 160, plaintiffs move pursuant to Local Rules 7.2 and 7.3 to strike the motion to exclude. Mohr Hackett opposes the motion at docket 171. Plaintiffs' reply is at docket 175.

1  Oral argument was not requested as to either motion and would not assist the
2  court.

## II.  BACKGROUND

4  Plaintiffs' initial disclosures, made on November 5, 2010, stated that plaintiffs had
5  "yet to determine the full extent of their damages, but [would] supplement this disclosure
6  statement once damages have been calculated."[1]  On December 22, 2011, plaintiffs
7  filed a fifth supplemental Rule 26 disclosure statement in which they elaborated on the
8  damages sought.

9  Mohr Hackett was named as a third-party defendant in this lawsuit on July 19,
10 2011.  Service of process was made on August 2, 2011.  Before Mohr-Hackett was
11 joined, on March 26, 2010, plaintiffs filed a motion for entry of default judgment which
12 contained a damages analysis similar to that provided in plaintiffs' fifth supplemental
13 disclosure.[2]

## III.  DISCUSSION

**A. Exclusion is Not An Appropriate Sanction Under the Circumstances**

16 Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires a party to provide,
17 "without awaiting a discovery request . . . a computation of each category of damages
18 claimed by the disclosing party."[3]  "If a party fails to provide information . . . as required
19 by Rule 26(a) . . . the party is not allowed to use that information . . . at a trial, unless the
20 failure was substantially justified or is harmless."[4]  Less severe sanctions may also be
21 imposed, "[i]n addition to or instead of" exclusion, on a non-disclosing party.[5]

---

[1] Doc. 155-1 at 13.

[2] *See* doc. 65 at 13–16.

[3] Fed. R. Civ. P. 26(a)(1)(A)(iii).

[4] Fed. R. Civ. P. 37(c)(1).

[5] Fed. R. Civ. P. 37(c)(1)(A)–(C).

1  The thrust of Mohr Hackett's motion is that plaintiffs' original damages disclosure
2  was insufficient and, therefore, plaintiffs' supplemental damages disclosure should be
3  excluded.  Mohr Hackett cites no case law supporting imposition of such a drastic
4  sanction under similar circumstances.  Moreover, supplementing an initial damages
5  disclosure made under Rule 26(a) is commonplace–an initial damages disclosure "is
6  [often] merely a preliminary assessment and is subject to revision."[6]  Finally, as plaintiffs
7  point out, the scope of plaintiffs' claimed damages has been available to Mohr Hackett
8  since it became a third-party defendant to this action.[7]  Consequently, plaintiffs' delay in
9  supplementing their initial disclosure was harmless.

**B. Extension of Deadlines**

Mohr Hackett argues that, in the alternative, the court should extend all deadlines by 120 days, so that it has sufficient opportunity to "explore the basis for [plaintiffs'] damage claims."[8]  Plaintiffs do not oppose an extension of the current discovery deadlines, but maintain that a 30-day extension would be adequate.  The court agrees, particularly in light of Mohr Hackett's stipulation to the current deadlines.[9]

**C. Motion at Docket 160**

Because the court declines to exclude plaintiffs' damages information, the motion at docket 160 is moot.

## IV.  CONCLUSION

For the reasons above, Mohr Hackett's motion at docket 155 is **GRANTED** in part and **DENIED** in part as follows: Discovery deadlines subsequent to the filing of the motion at docket 155 are extended for an additional 30 days.

---

[6] *City and County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 222 (N.D. Cal. 2003) (citing Fed. R. Civ. P. 26(e)).

[7] *See* doc. 65 at 13–16.

[8] Doc. 155 at 7.

[9] *See* doc. 135.

Plaintiffs' motion to strike at docket 160 is **DENIED** as moot.

DATED this 20th day of February 2012.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE