# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **SANDPIPER RESORTS DEVELOPMENT CORPORATION,** *et al.*,<br><br>            **Plaintiffs,**<br><br>     **vs.**<br><br>**GLOBAL REALTY INVESTMENTS, LLC,** *et al.*,<br><br>            **Defendants.** | 2:08-cv-01360 JWS<br><br>**ORDER AND OPINION**<br><br>**[Re: Motion at Docket 201]** |

## I. MOTION PRESENTED

At docket 201, plaintiffs Sandpiper Resorts Development Corporation and Dourian Foster Investments, Inc. ("plaintiffs") move to compel production of certain documents. Third-party defendant Mohr, Hackett, Pederson, Blakely & Randolph, P.C. ("Mohr Hackett") responds at docket 231. Plaintiffs' reply is at docket 233. Oral argument was not requested and would not assist the court.

## II.  DISCUSSION

**A.  The Parties' Obligation to Confer in Good Faith**

Plaintiff moves to compel production of various documents from Mohr Hackett. Mohr Hackett argues that the documents are privileged.  Prior to being named a third-party defendant, Mohr Hackett responded to a subpoena to produce documents. Mohr Hackett provided approximately three thousand pages of documents and a privilege log. Mohr Hackett provided a supplemental privilege log on January 10, 2012, and another on April 16, 2012.  Plaintiff filed the present motion on March 23, 2012.

Local Rule 7.2(j) provides that "[n]o discovery motion will be considered or decided unless a statement of moving counsel is attached thereto certifying that after personal consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter."[1]  Plaintiffs' counsel attached a declaration stating that he conferred with representatives of Mohr Hackett via email.[2]  It is clear, however, from the attached email exchange and representations of counsel that there was no personal consultation.[3]

Federal Rule of Civil Procedure 37(a)(1) states that a "motion [to compel] must include a certification that the movant has in good faith conferred *or attempted to confer* with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[4]  The email exchange indicates that plaintiffs' counsel did attempt to confer with Mohr Hackett in good faith.[5]  It also appears that Mohr Hackett was

---

[1] LRCiv 7.2(j).

[2] Doc. 201-2 at 3.

[3] *Id.* at 4, 10.

[4] Fed. R. Civ. P. 37(a)(1)

[5] Doc. 201-2 at 4–11.

1  unresponsive to plaintiffs' counsel's efforts.[6]  However, plaintiffs' counsel's declaration
2  does not certify that he attempted to confer in good faith–it erroneously states that he
3  did confer.  In any event, the parties have not met their obligation to confer in good faith,
4  and there has been no personal consultation in an effort to resolve this dispute.

### III.  CONCLUSION

6  For the reasons above, plaintiffs' motion to compel at docket 201 is **DENIED**
7  without prejudice to renewal if the parties are unable to resolve the dispute after
8  personal consultation.  It is **ORDERED** that the parties confer in person at a mutually
9  agreeable time and location within ten days from the date of this order.  If the parties are
10 unable to agree on a time or location, the parties shall meet at the office of plaintiff's
11 counsel at 9:00 a.m. on June 15, 2012.

12 DATED this 5th day of June 2012.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[6] *Id.* at 4, 10.