UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **SANDPIPER RESORTS DEVELOPMENT CORPORATION,** *et al.*,<br><br>    Plaintiffs,<br><br>    vs.<br><br>**GLOBAL REALTY INVESTMENTS, LLC,** *et al.*,<br><br>    Defendants. | 2:08-cv-01360 JWS<br><br>ORDER AND OPINION<br><br>[Re: Motion at Docket 288] |

## I.  MOTION PRESENTED

At docket 288, plaintiffs Sandpiper Resorts Development Corporation ("Sandpiper") and Dourian Foster Investments Incorporated ("Dourian Foster"; collectively "plaintiffs") filed a "Request to File Renewed and Amended Motion to Compel Regarding Mohr Hackett Claims of Privilege, and to Supplement their Summary Judgment Response if Appropriate."  Plaintiffs request that they be allowed to file another motion to compel based on information they received about a "back-up plan" from third-party defendant Mohr, Hackett, Pederson, Blakely & Randolph, P.C. ("Mohr Hackett") after a meet and confer process ordered by the court at Docket 254.  They believe that additional discovery from Mohr Hackett about the back-up plan will be

relevant to the remaining veil piercing claim and could possibly justify reopening the court's decision on the summary judgment motions, which granted summary judgment primarily in favor of the non-defaulting defendants, Cynthia Estes ("Estes") and Estes Development Corporation ("Estes Development"; collectively "Estes Defendants") and Mohr Hackett. Mohr Hackett opposes the request. It argues that discovery about a back-up plan is not relevant to any of the claims in this case and that plaintiffs' request is untimely. Oral argument was not requested and would not assist the court.

## II.  BACKGROUND

At docket 201, plaintiffs filed a motion to compel the production of documents and information from Mohr Hackett that Mohr Hackett believed were privileged. Thereafter, Estes Defendants and Mohr Hackett filed motions for summary judgment. Plaintiffs asked for more time in which to file their response to the motions for summary judgment so that they could have the benefit of any discovery that resulted from their motion to compel. At docket 239, the court ordered that if the motion to compel were granted, plaintiffs could supplement their response within seven (7) days from the date set for production of documents, but if the motion were not granted no supplement could be filed.

At docket 254, the court denied plaintiffs' motion to compel without prejudice to renew if the parties could not resolve the discovery dispute after they met and conferred in person. The parties consulted as ordered. This process, according to plaintiffs, resulted in Mohr Hackett withdrawing some, but not all, of its claims of privilege, and Mohr Hackett provided additional information. Plaintiffs did not file a renewed motion to compel at that time nor did they file any supplements to their summary judgment response, but during oral argument on the motions for summary judgment, plaintiffs indicated to the court that the meet-and-confer process had raised more issues and that they would like to file a renewed motion to compel. The court directed plaintiffs not to file anything, pending the outcome of the summary judgment motions.

The court issued an order on the summary judgment motions at docket 286. The non-defaulting defendants were granted summary judgment on the majority of plaintiffs' claims against them. The only claim allowed to proceed was plaintiffs' veil piercing claim as it pertains to piercing the corporate veil of Toscana Developers, LLC ("Toscana Developers"). Plaintiffs subsequently filed this motion asking for leave to file a renewed motion to compel further discovery.

### III.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 26 "states that, in general, any matter relevant to a claim or defense is discoverable." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004) (citing Fed. R. Civ. P. 26(b)). Relevant information for purposes of discovery is information reasonably calculated to lead to discovery of admissible evidence. *Surfvivor Media, Inc. v. Survivor Productions,* 406 F.3d 625, 635 (9th Cir. 2005). Nonetheless, discovery may not be used as a "fishing expedition." *Rivera,* 364 F.3d at 1072 ("District courts need not condone the use of discovery to engage in 'fishing expedition[s]'"); *see also Hofer v. Mack Trucks, Inc.,* 981 F.2d 377, 380 (8th Cir.1993) (stating that the broad construction of relevancy "should not be misapplied so as to allow fishing expeditions in discovery").

### IV.  DISCUSSION

Plaintiffs contend that the meet and confer process with Mohr Hackett alerted them to the existence of a back-up plan, and that the back-up plan is relevant to the remaining veil piercing claim. They, therefore, want to conduct discovery on the issue. They believe that discovery regarding the back-up plan could also reveal information that is relevant to all of their claims, which could justify reopening the court's order on summary judgment and allow their claims against the Estes Defendants to go forward.

In support of their motion, plaintiffs point to two pieces of information in the Mohr Hackett time log, attached to the motion as Exhibit A. First, the time log states that on October 3, 2007, an attorney had a conversation with defendant Caroline Hartman regarding appraisal issues that might affect the purchase of the properties and

regarding the viability of purchasing the property from the lienholder after foreclosure. (Doc. 288-1 at 2). Second, the time log shows that on October 3, 2007, an attorney drafted an email to Caroline Hartman regarding the "back up plan if transaction cannot be completed." (Doc. 288-1 at 3, 5).

Such information indicates that on October 3, 2007, Mohr Hackett lawyers representing Global Realty, LLC, one of the defaulting defendants, were considering what to do if the primary plan to purchase the property did not go through, apparently for reasons related to an appraisal. The existence of a back-up plan does not result in the conclusion, as plaintiffs seem to suggest, that there was a concealed fraudulent plan to torpedo the sales contract with plaintiffs so they could buy the property after foreclosure. The term "back-up" suggests just that: it was a back-up to the primary plan and would be used only if the primary plan could not move forward. Moreover, the back up plan was discussed with Caroline Hartman, not with the Estes Defendants.

The only claim remaining is plaintiffs' claim to pierce Toscana Developers' corporate veil to impose liability on Estes Development. Seeking more information about a back-up plan discussed by Caroline Hartman and a Mohr Hackett attorney is not reasonably calculated to lead to the discovery of admissible evidence relating to whether Toscana Developers was the "alter ego" of Estes Development for purposes of veil piercing.

Plaintiffs also contend that the proposed discovery might support reconsideration of the claims already dismissed. The contention is untenable, for it is too great a stretch to say that more discovery would reveal that the back-up plan was not really a back-up, but instead was really the primary plan fraudulently concealed from plaintiffs by the Estes Defendants. Digging into the back-up plan is not reasonably calculated to lead to the discovery of admissible evidence related to the claims against the Estes Defendants that have already been dismissed.

In addition, the information about a back-up plan was revealed to plaintiffs before the meet and confer process. The privilege log provided by Mohr Hackett to plaintiffs in

1  June of 2009 disclosed information about a back-up plan.  (Doc. 290-1 at 11, line 8).
2  The plaintiffs noticed the entry because they asked an attorney from Mohr Hackett
3  about the back-up plan during a deposition taken on February 1, 2012.  (Doc. 290-1 at
4  20-21).  Plaintiffs subsequently filed their first motion to compel at Docket 201, which
5  makes no mention of the back-up plan.  Plaintiffs' assertion that the back-up plan came
6  to light only after the meet-and-confer process provides no reason to allow additional
7  discovery at this late date.

## V.  CONCLUSION

For the foregoing reasons, this court concludes that discovery relating to the back-up plan is not warranted.  It follows that plaintiffs' motion at docket 288 seeking leave to file a renewed motion to compel discovery lacks merit and is **DENIED**.

DATED this 19th day of September 2012.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE