1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

**SANDPIPER RESORTS**
**DEVELOPMENT CORPORATION, et**
**al.,**
        **Plaintiffs,**

      **vs.**

**ESTES DEVELOPMENT,**
**CORPORATION, et al.,**

        **Defendants.**

)
)
)
)
)
)
)
)
)
)
)
)
)

**2:08-cv-01360 JWS**

**ORDER AND OPINION**

**[Re: Motion at docket 368]**

18

### I.  MOTION PRESENTED

19

    At docket 368 defendant Estes Development Corporation ("Estes") moves to

20

amend and correct the parties Joint Statement of Uncontested Facts ("JSUF") filed at

21

docket 331.  Plaintiffs Sandpiper Resorts Development Corporation and Dourian Foster

22

Investments, Inc. ("Plaintiffs") respond at docket 375, and Estes replies at docket 378.

23

Oral argument was not requested and would not be of assistance to the court.

24

### II.  DISCUSSION

25

    The JSUF was required by the court's order at docket 319 establishing pre-trial

26

procedures.  The JSUF was filed on March 11, 2013.  The bench trial was held on May

27

1 and 2, 2013.  The motion at docket 368 was filed on May 16, 2013.

28

1    The development of the JSUF began with an initial Statement prepared by

2    Plaintiffs' counsel. Defense counsel reviewed it and then sent a "red line" which

3    eliminated points whose accuracy Estes did not accept.[1]   Because the initial

4    Statement contained a great many points defense counsel contended were

5    inappropriate for inclusion in such a document, a somewhat shortened version was

6    provided by Plaintiffs' counsel.  Defense counsel reviewed this shorter version, red-

7    lined it, and sent it to Plaintiffs' counsel.[2]

8    The statements which Estes contends are incorrect are found in paragraphs 8,

9    10, 19, 24, 33 and 42 of the JSUF.  An examination of defense counsel's original "red

10   line" shows that each point in those paragraphs which Estes now contends in error was

11   stricken by defense counsel.  But for the second red-line in which some but not all of

12   the alleged errors were stricken, it would be easy for the court to conclude that the

13   JSUF should be corrected to reflect the changes Estes originally requested.

14   Of the six allegedly incorrect statements of fact, all save the error alleged in

15   paragraph 42 result from the use of "Global/TD" or "Global/Toscana Developers" rather

16   than simply Global.  In the second red-line defense counsel did strike the combination

17   term in paragraphs 19 and 33.  So it is easy to conclude that use of the combination

18   term in paragraphs 19 and 33 of the JSUF is an error which should be corrected.

19   Moreover, because the combined term was carefully stricken in the original red-line and

20   because it makes no sense to treat Gloabal and Toscana Developers as if they were a

21   combined actor in only some of the five paragraphs at issue, it seems appropriate

22   correct all of the paragraphs. This view is supported by the record in this case which

23

24   _____

25       [1]A copy of the original Statement including defense counsel's excisions appears as

26   Exhibit 2 at pp. 8-34 of docket 368.

27       [2]A copy of this shortened Statement including defense counsel's excisions appears as

28   Exhibit 3 at pp. 35-54.  (It may be noted that while the shorter version is several pages shorter
     than the initial Statement, it actually contains more numbered pargraphs.)

1  shows Estes at pains to support the proposition that Global and Toscana were not
2  acting together.

3        The portion of paragraph 42 which Estes contends must be corrected is the
4  sentence reading: "Estes and Hartman signed the service agreements."  In the original
5  red-line defense counsel struck out that sentence.  However, in the second red-line
6  counsel did not do so.  Several considerations in addition to the excision in the original
7  red-line bear on resolution of this problem: The record supports the proposition that no
8  party has a copy of the service agreement signed by Estes.  Estes testified at her
9  deposition that she did not recall signing such an agreement.  In Estes' statement of
10 facts relating to earlier summary judgment motion practice, Estes took the same
11 position.  During direct examination at trial Estes testified that she had never seen any
12 document signed by her saying Toscana Developers would do anything concerning the
13 subject property.[3]  There was neither an objection from Plaintiffs' counsel that the
14 testimony contravened an admitted fact nor any question posed to Estes about signing
15 the service agreement on cross-examination.  Estes testified to the same effect on re-
16 direct,[4]  again without any objection or follow-up on re-cross.

17        Of course allowing an agreed statement of facts to be corrected after the trial
18 has been conducted could substantially prejudice a party who had relied on the
19 statement.  Not surprisingly, Plaintiffs do complain that if the corrections requested are
20 made they will be prejudiced, because they built their presentation of evidence on a
21 foundation that included the facts recited in the JSUF.  This argument rings hollow for
22 the simple reason, that with respect to the points at issue, there is really no other
23 evidence either party could have presented through witnesses identified for trial.
24 Furthermore, Plaintiffs have known since long before the trial that Estes steadfastly
25 maintained a position contrary to the points at issue here.

27  [3]Transcript of Cynthia Estes' trial testimony, doc. 377 at p. 63, l. 24 thru p. 64 l. 5.
28  [4]*Id*. at p. 168, ll. 10-16.

### III.  CONCLUSION

For the reasons above, the motion at docket 368 is GRANTED as follows: Paragraphs 8, 10, 19, 24 and 33 of the JSUF are corrected to delete "/TD" and "/Toscana Developers;" and paragraph 42 is corrected to delete "Estes and Hartman signed the service agreements."

DATED this 4th day of June 2013.


_____
/S/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

-4-